UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TREVOR BURNS,

        Plaintiff,

– *against* –

SARAH HINES, *Assistant District Attorney*, and UNKNOWN N.Y.C. DEPARTMENT OF CORRECTION OFFICIALS, *in their individual and official capacities*,

        Defendants.

**OPINION & ORDER**

21-cv-9469 (ER)

RAMOS, D.J.:

        Trevor Burns, proceeding *pro se*, brought this action against Assistant District Attorney Sarah Hines and Unknown N.Y.C. Department of Correction Officials (collectively, "Defendants") on November 8, 2021. Doc. 1. Burns sought declaratory and injunctive relief to compel the production of records relating to his 1997 murder conviction, and to enjoin Defendants from disposing of any such records. *Id.* He also asserted First and Fourteenth Amendment constitutional claims under 42 U.S.C. § 1983.[1] *Id.* In brief, the claims concern ADA Hines' alleged failure to produce exculpatory information during his prosecution and her purported scheme to fabricate evidence to secure his conviction. *See id.* at ¶¶ 1–54.

        Before the Court is Burns' discovery motion pursuant to Rules 56(f) and 56(d)[2] of the Federal Rules of Civil Procedure. Doc. 30. Burns seeks to obtain discovery pursuant to those rules based upon his contention that Hines' motion to dismiss, Doc. 28, should be construed as a motion for summary judgment. Doc. 30 at 4–14. Hines has responded to

---

[1] Burns specifically asserted claims of malicious prosecution, abuse of process, and prosecutorial misconduct. Doc. 1 at ¶¶ 15–93.

[2] *See infra* note 7.

Burns' motion, Docs. 35, 36, however, Burns did not reply.  The Court thus considered the motion fully briefed on July 28, 2022.  Doc. 40.

For the reasons stated below, Burns' discovery motion is DENIED.

## I. BACKGROUND

### A. Factual Background

Trevor Burns was arrested in April 1996 for the murder of Corey Henderson. Doc. 1 at 6.  A jury convicted Burns of murder in the second degree in June 1997.  *Id.* at ¶¶ 19–21; Doc. 28 at 8.  At his trial, Davon Kelly, an 18-year-old Government witness, testified that he knew Burns and witnessed the shooting that led to Henderson's death. Doc. 1 at ¶¶ 12–19; *see also* Doc. 27-1 at 2.  Kelly, along with another witness, identified Burns as one of the shooters.  Doc. 1 at ¶ 17; *see also* Doc. 27-3 at 5.  Following Burns' conviction, the state court sentenced him to a term of 25 years to life in prison.  Doc. 1 at 24. The conviction was affirmed on direct appeal.  *See People v. Burns*, 18 A.D.3d 397 (2005), *aff'd* 6 N.Y.3d 793 (2006).

Approximately 18 years after his conviction, Burns claimed that he learned the following:

> In April 2015, while incarcerated at Green Haven Correctional Facility located in Stormville, New York, plaintiff read a [sic] article in the New York Post, pertaining to an individual being shot immediately upon his release from prison after serving fifteen (15) year [sic].  Plaintiff immediately recognized the victim Simmons as defendant's star witness [Kelly] who testified against plaintiff on June 3 and 4, 1997. . . .

Doc. 1 at ¶¶ 21.  In other words, Burns claimed that he recognized the photo of Simmons and realized that the Government actually called Simmons to the stand to impersonate Kelly and falsely frame him for Henderson's murder.  According to Burns, Hines "engaged in collusion . . . . coach[ing] Simmons on her theory of the case [and] providing him with manufactured facts."  *Id.* at ¶¶ 14–15.

In support of his claims, Burns acquired a sworn affidavit from Davon Kelly. Doc. 1 at 44.  In relevant part, the affidavit states the following about Burns' prosecution:

> 4) The Manhattan ADA . . . asked me to come to Court and testify that I saw Trevor Burns at the murder scene.  I told her I couldn't do that because I did not see him there.
>
> 5) At no point did I ever go to Court and testify or give any statements about Trevor Burns or related to his case or trial in any way.

*Id.*  Burns' contentions about the purported perjured testimony, supported by Kelly's affidavit, formed the basis of his various state and federal collateral attacks on his conviction.³  *See generally* Doc. 30 at 2–4, 33–46.

Hines opposed all of Burns' prior challenges and continues to dispute Burns' contentions regarding the authenticity of Kelly's testimony.  *See generally* Docs. 28, 30, 36.  She specifically defers to the "numerous post-conviction motions" and habeas corpus proceedings wherein "two different New York State Supreme Court justices" and federal judges "resoundingly rejected" Burns' claims about Kelly's testimony.  Doc. 36 at 6; *see also supra* note 3.  Hines also cites to the evidence that she raised in those proceedings.  For example, she references the New York City Department of Correction ("DOC") records that confirmed that Kelly, who was incarcerated during Burns' trial, was the person produced by DOC and who indeed testified at Burns' 1997 trial.  Doc. 36 at 6.  She also cites to various fingerprint reports that similarly confirm Kelly's identity.  *Id.*

## B. Procedural History

Burns filed the instant complaint on November 8, 2021.  Doc. 1.  He asserted various claims that center around Hines' purported "collusion" to procure the perjured testimony of an imposter witness and her alleged efforts to hide those actions after the fact by fabricating false prisoner movement logs showing that Kelly, not the imposter,

---

³ Burns filed four successive motions pursuant to N.Y.C.P.L.R. § 440.  *See* Doc. 28 at 12, 14; Doc. 30 at 2–4.  He also filed a federal petition for a writ of habeas corpus, which was denied in September 2011, *see Burns v. Ercole et al.*, No. 08 Civ. 8624 (HB), 2011 WL 3962499, at *1 (S.D.N.Y. Sept. 8, 2011).  The Second Circuit affirmed the district court's judgment due to Burns' failure to make a "substantial showing of the denial of a constitutional right."  *See Burns v. Ercole et al.*, No 11-2711, ECF No. 30 (quoting 28 U.S.C. § 2253(c) and *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)).  Thereafter, Burns moved for permission to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244(b)(3), which the Second Circuit denied.  *Burns v. Ercole et al.*, No. 18-299, ECF No. 57 at 1–2 (denying motion for leave to file successive § 2254 petition on the basis that Burns failed to make a *prima facie* showing that the requirements of 28 U.S.C. § 2244(b) were satisfied).

was indeed produced at trial. *See generally* Doc. 1 at ¶¶ 1–92. A summons was issued on December 1, 2021, and Hines appeared on December 30, 2021. Doc. 8.

Thereafter on January 10, 2022, Hines filed a letter motion in anticipation of her motion to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6). Doc. 10 at 1. The Court granted Hines leave to file the motion to dismiss, Doc. 23, and Hines filed her motion on March 28, 2022. *See* Docs. 27, 28. The motion asserts that Burns' suit is time-barred, precluded by the *Heck*[4] and *Rooker-Feldman*[5] doctrines, subject to dismissal pursuant to various immunity doctrines, and that it otherwise fails to state a claim. *See generally* Doc. 28. Hines attached various exhibits to her motion, including documents from the various state and federal habeas corpus proceedings raised by Burns in the complaint. *See* Doc. 27, Exs. A–E.[6]

Burns filed the instant motion on April 29, 2022. *See* Docs. 30, 31. He requested a continuance to conduct discovery pursuant to Rules 56(f) and 56(d). Doc. 30. The Court instructed Hines to file an opposition to Burns' discovery requests, and stated that Burns would be given an opportunity to separately respond to Hines' motion to dismiss. Doc. 35 at 2. Hines responded to the discovery requests at issue on June 6, 2022. Doc. 36. The response was served by mail on the same day. Doc. 37.

---

[4] "Under *Heck*, a claim that, if successful, would 'necessarily imply the invalidity' of the plaintiff's prior state conviction is 'not cognizable under § 1983' unless that conviction has already been invalidated." *Shapard v. Attea*, 710 F. App'x 15, 17 (2d Cir. 2017) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

[5] The *Rooker-Feldman* doctrine "stands for the 'clear principle that federal district courts lack jurisdictions over suits that are, in substance, appeals from state-court judgments.'" *Brodsky v. New York City Campaign Finance Board*, No. 21 Civ. 5004 (ER), 2022 WL 2819090, at *2 (S.D.N.Y. July 19, 2022).

[6] The exhibits specifically include the following: (1) the state court's 2017 Amended Decision and Order as to Burns' C.P.L. 440.10 motion, Doc. 27-1; (2) the state court's 2017 Certificate Denying Leave to Appeal, Doc. 27-2; (3) the Government's 2016 Affirmation in Opposition to Burns' Motion to Vacate Judgment, Doc. 273; (4) a 1996 Letter from Davon Kelly; (5) the Government's 2017 Sur-Reply Affirmation as to Burns' Motion to Vacate Judgment, Doc. 27-5; (6) the DOC production records and prisoner movement log for Davon Kelly, Doc. 27-6; (7) the state court's 2020 Decision and Order as to Burns' fourth C.P.L. 440.10 motion, Doc. 27-7. *See also* Doc. 27.

Thereafter, Hines filed a letter indicating that Burns had failed to file a timely reply and asking the Court to deem Burns' discovery motion fully briefed on July 26, 2022.  Doc. 38.  The Court granted that request.  Doc. 40.

## II.   LEGAL STANDARD

In general, a litigant must state a claim before he or she is entitled to discovery.  *Bridgewater v. Taylor*, 745 F. Supp. 2d 355, 358 (2d Cir. 2010).  Indeed, permitting a plaintiff to conduct discovery to "piece together a claim would undermine the purpose of Federal Rule of Civil Procedure 12(b)(6), which is to 'streamline[ ] litigation by dispensing with needless discovery and factfinding' where the plaintiff has failed to state a claim under the law."  *KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326–27, (1989)) (alterations in original).  Accordingly, in most cases, "when presented with a motion to dismiss pursuant to Rule 12(b)(6), the court may [only] consider documents that are referenced in the complaint, documents that the plaintiff[ ] relied on in bringing suit and that are either in the plaintiff['s] possession or that the plaintiff[ ] knew of when bringing suit, or matters of which judicial notice may be taken."  *Silsby v. Icahn*, 17 F. Supp. 3d 348, 354 (S.D.N.Y. 2014), *aff'd sub nom. Lucas v. Icahn*, 166 F. App'x 448 (2d Cir. 2015) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)).

On occasion, courts may construe motions to dismiss filed under Rule 12(b)(6) as motions for summary judgment.  *See, e.g.*, *Sahu v. Union Carbide Corp.*, 418 F. Supp. 2d 407, 410–11 (S.D.N.Y. 2005); *see also In re G. & A. Books, Inc.*, 770 F.2d 288, 295 (2d Cir. 1985).  Such a conversion is appropriate where "the motion includes material 'outside the pleadings' and that material is 'not excluded by the court.'"  *Sira v. Morton*, 380 F.3d 57, 66 (2d Cir. 2004) (citation omitted); *see also* Fed. R. Civ. P. 12(d).  "When a district court converts a motion to dismiss into one for summary judgment, '[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.'"  *Sahu v. Union Carbide Corp.*, 548 F.3d 59, 67 (2d Cir. 2008) (citation

omitted); *see also Hernandez v. Coffey*, 582 F.3d 303, 307 (2d Cir. 2009).  To that end, Local Civil Rule 12.1 of the Southern District of New York ("Local Rule 12.1") directs represented parties who move to dismiss by referring to matters outside the pleadings to provide notice to a *pro se* party that the matter may be treated as a motion for summary judgment and to further explain what the plaintiff must do to oppose summary judgment. *See* S.D.N.Y. Local Civil Rule 12.1; *see also Hernandez v. Coffey*, 582 F.3d 303, 308 n.2 (2d Cir. 2009).

In the summary judgment context, if the party opposing a summary judgment motion shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the Court may deny the motion or allow time to take discovery.  Fed. R. Civ. P. 56(d).[7]  The affidavit or declaration must describe: (1) what facts are sought and how they are to be obtained, (2) how such facts are reasonably expected to raise a genuine issue of material fact, (3) what efforts the affiant has made to obtain them, and (4) why the affiant's efforts were unsuccessful.  *Robinson v. Allstate Ins. Co.*, 508 F. App'x 7, 10 (2d Cir.2013).  The grant of relief pursuant to Rule 56(d) is within the discretion of the district court.  *Cont'l Cas. Co. v. Marshall Granger & Co., LLP*, 921 F. Supp. 2d 111, 126–27 (S.D.N.Y. 2013).

"There is a critical distinction . . . between cases where a litigant opposing a motion for summary judgment requests a stay of that motion to conduct *additional* discovery and cases where that same litigant opposes a motion for summary judgment on the ground that it is entitled to an opportunity to *commence* discovery with respect to [the non-movant's] claims."  *Desclafani v. Pave–Mark Corp.*, No. 07 Civ. 4639 (HBP), 2008 WL 3914881, at *7 (S.D.N.Y. Aug. 22, 2008) (quoting *Crystalline H2O, Inc. v.*

---

[7] As Hines points out, the text that now makes up Federal Rule of Civil Procedure 56(d) was formerly found within Rule 56(f).  Doc. 36 at 15; *see also Moccia v. Saul*, 820 F. App'x 67, 71 n.4 (2d Cir. 2020) (explaining that Rule 56(f) was re-designated as Rule 56(d) in 2010).  Burns' discovery motion cites to both Rule 56(d) and 56(f); however, it is clear that he seeks relief under what is now Rule 56(d).  *See* Doc. 30 at 1; *see also* Doc. 36 at 16.  The Court's analysis thus centers around discovery standards pursuant to Rule 56(d).

*Orminski*, 105 F. Supp. 2d 3, 6–7 (N.D.N.Y. 2000)) (emphasis in original).  The Second Circuit has held that summary judgment should only be granted if "*after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof."  *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 303–04 (2d Cir. 2003) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)) (internal quotation marks omitted) (alterations in original).  Only in the "rarest of cases," therefore, may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery.  *Id.*

## III.   DISCUSSION

In this case, Hines filed a Rule 12(b)(6) motion to dismiss.  Doc. 28.  Pursuant to Local Rule 12.1, Hines also provided Burns with notice of the *potential* conversion of her motion based upon her reference to matters outside of the pleading.  *See* Doc. 29.

Burns then filed the discovery motion at issue here, apparently under the assumption that Hines' Rule 12(b)(6) motion had indeed been converted to a motion for summary judgment.  *See generally* Doc. 30 at 4–15; *see also* Doc. 36 at 7.  Hines disputes that contention and argues that Burns' discovery motion should be denied for two reasons.  *First*, if the Court does not construe Hines' motion to dismiss as a motion for summary judgment, the request is premature, fruitless, and speculative.  *See id.* at 12–17.  *Second*, if the Court *does* construe Hines' motion as a motion for summary judgment, it should nevertheless deny Burns' discovery motion due to "the unlikelihood it will result in anything other than a fishing expedition."  Doc. 36 at 18 (citing *Lunts v. Rochester City Sch. Dist.*, 515 F. App'x 11, 13–14 (2d Cir. 2013)).

### A.  Application of Rule 12(d) to Hines' Rule 12(b)(6) Motion

As a preliminary matter, the Court concludes that it need not construe Hines' Rule 12(b)(6) motion as a motion for summary judgment.  *See* Fed. R. Civ. P. 12(d); *see also Ramsaroop v. Dep't of Educ. of City of New York*, No. 20 Civ. 4947 (ER), 2022 WL 376029, at *4 (S.D.N.Y. Feb. 8, 2022).  Indeed, in its review of Hines' motion to dismiss,

the Court is free to consider: documents that are referenced in Burns' complaint; documents that he relied upon in bringing his suit, and that are either in his possession or that he knew about when bringing suit; or matters of which judicial notice may be taken. *Silsby*, 17 F. Supp. 3d at 354; *see also Chambers*, 282 F.3d at 152–53 (concluding that "the harm to the plaintiff when a court considers material *extraneous* to a complaint is the lack of notice that the material may be considered") (emphasis added).

      Here, each of the documents that Hines attached to her motion to dismiss fall within one—or several—of those categories. *See Silsby*, 17 F. Supp. 3d at 354. Exhibit A, the state court's 2017 Amended Decision and Order as to one of Burns' C.P.L. 440.10 motions, Doc. 27-1, is explicitly analyzed in the complaint and otherwise forms part of a public record. Doc. 1 at ¶¶ 50 ("In a written amended decision dated March 31, 2017, the court summarily denied Plaintiff's CPL § 440.10 motion . . . ."). Exhibits B and E, state court opinions as to Burns' § 440 requests from 2017 and 2020, similarly fall under those categories. Docs. 27-2, 27-7; *see also* Doc. 1 at ¶¶ 51, 79. Exhibits C and C-1 contain the Government's 2016 Affirmation in Opposition to Burns' Motion to Vacate and an attached letter exhibit from Davon Kelly. Docs. 27-3, 37-4. Not only did Burns reference these documents his complaint, *see, e.g.*, Doc. 1 at 24, but he also attached an excerpt of the exact affirmation that Hines filed as Exhibit C, *id.* at 38–41. Finally, Exhibits D and D-1 may be considered for similar reasons. They make up the Government's 2017 Sur-Reply Affirmation as to Burns' Motion to Vacate Judgment and attached production records for Davon Kelly. Docs. 27-5, 27-6. In his complaint, Burns references both documents. Doc. 1 at ¶¶ 45–46.

      Each of Hines' exhibits arise from Burns' 1997 murder conviction and subsequent collateral attacks on that conviction—public proceedings that Burns discusses and references at length in his complaint and in the discovery motion now before the Court. *See* Doc. 27 Exs. A–E; *see also* Doc. 1 at §§ 1–92. For all these reasons, Rule 12(d) does

not require that the Court convert Hines' motion to dismiss in this case. *See Ramsaroop*, 2022 WL 376029, at *4; *Chambers*, 282 F.3d at 152–53.

### B. Burns' Rule 56(d) Discovery Request

Because the Court concludes that the Court need not treat Hines' motion as a motion for summary judgment, Burns' discovery request is indeed premature. *Taylor*, 745 F. Supp. 2d at 358; *see also Arnouts*, 646 F. Supp. 2d at 346 n.6. As the Court previously indicated, Burns will have ample opportunity to thoroughly address Hines' arguments for dismissal. Doc. 35 at 2. Critically, however, those arguments can and must be addressed before the Court permits the parties to move forward with discovery.

The Supreme Court has made clear that Rule 12(b)(6) exists to "streamline[] litigation by dispensing with needless discovery and factfinding" where a moving party has raised "dispositive issues of law." *Neitzke*, 490 U.S. at 326–27. Such dispositive issues have been raised here. *See generally* Docs. 28, 36. As Hines points out, the pending motion to dismiss raises issues regarding timeliness, immunity, preclusion, and subject matter jurisdiction. Doc. 36 at 9, 12; *see generally* Doc. 28. Because those issues determine the Court's broader power to adjudicate Burns' case, Hines' motion to dismiss must be addressed prior to proceeding to discovery. *TZ Manor, LLC v. Daines*, 815 F. Supp. 2d 726, 733–34 (2d Cir. 2011).

### IV. CONCLUSION

For the reasons stated above, Burns' discovery motion is DENIED. Burns is permitted to separately respond to Hines' motion to dismiss, Doc. 28. Burns must file his memorandum of law in opposition to the motion by January 16, 2023.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 30, and to mail this Opinion to Burns at the following address:

Trevor Burns
97-A-6087
Groveland Correctional Facility
7000 Sonyea Road
P.O. Box 50

Sonyea, New York 14556-0050

It is SO ORDERED.

Dated: November 16, 2022
New York, New York

_____
EDGARDO RAMOS, U.S.D.J.